UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| THOMAS GREMPEL, }<br>ON BEHALF OF HIMSELF AND }<br>ALL OTHERS SIMILIARLY SITUATED, }<br>       } <br>                    Plaintiff,       }<br>       v                          }<br>       }<br>TRANSWORD SYSTEMS INC. AND, }<br>EGS FINANCIAL CARE, INC. }<br>F/K/A NCO FINANCIAL SYSTEMS, INC., }<br>       }<br>                    Defendants.      } | Civil Action, File No.<br>2:17-cv-00585-ADS-SIL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Thomas Grempel [hereinafter "Grempel"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Transworld Systems, Inc. ("Transworld"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Transworld's regular transaction of business within this district.  Venue in this district also is proper based on Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Transworld also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Grempel is a natural person who resides at 25 Tarpon Road, Rocky Point, NY 11778.

6. Grempel is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about September 20, 2015, Transworld sent Grempel the letter annexed as Exhibit A. Grempel received and read Exhibit A. For the reasons set forth below, Grempel's receipt and reading of Exhibit A deprived Grempel of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, Transworld sent Exhibit A to Grempel in an attempt to collect a past due debt.

9. Based upon Exhibit A referencing New York Spine & Brain Surg and upon Transworld, via Exhibit A, having attempted to collect this past due debt from Grempel in his individual capacity, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. On Exhibit A, Transworld identifies itself as a "debt collector" and as a "collection agency" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

13. Based upon Exhibit A and upon Transworld possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

14. Based upon the allegations in the above three paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A did not set forth the name of the creditor to whom the debt is owed, did not clearly or properly identify the "creditor" and/or entity to whom the alleged debt allegedly is owed, and/or or did not clearly or properly identify on whose behalf Transworld was attempting to collect the debt.

17. Based on the above, Transworld violated 15 USC § 1692g(a)(2), 15 USC § 1692e, and 15 USC § 1692e(10) by sending Exhibit A to Grempel.

## SECOND CAUSE OF ACTION-CLASS CLAIM

18. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

19. Exhibit A sets forth a "Total Balance" and "Current Balance Due" of $80.00.

20. Exhibit A does not set forth that the "Total Balance" or "Current Balance Due" of $80.00 may increase due to interest, late charges, and/or other charges.

21. Since Exhibit A does not set forth that the "Total Balance" or "Current Balance Due" of $80.00 may increase due to interest, late charges, and/or other charges, "the least sophisticated consumer" could read Exhibit A as meaning that the "Total Balance" or "Current Balance Due" of $80.00 was static and that their payment of $80.00 would satisfy the debt irrespective of when the payment was remitted.

22. NY CPLR 5001(a) provides as follows:

> "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion."

23. "[A]n award of pre-decision or pre-verdict interest pursuant to CPLR 5001 on a damages award on a cause of action to recover damages in quantum meruit is mandatory, as it would be on a damages award on a cause of action to recover damages for breach of contract (*citations omitted*)".  Tesser v. Allboro Equip. Co., 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

24. Grempel owed this past due debt under a theory of contract or quantum meruit and therefore NY CPLR 5001 is applicable to the past due debt owed to Island Neonatology set forth in Exhibit A.

25. NY CPLR 5001(b) provides as follows:

> "Interest shall be computed from the earliest ascertainable date the cause of action existed…"

26. As regards the past due debt set forth in Exhibit A, the creditor had a guaranteed right to

interest on the "Total Balance" or "Current Balance Due" of $80.00 from the date of Exhibit A or an earlier date. NY CPLR 5001 (a) and (b) and <u>Tesser v. Allboro Equip. Co.</u>, 904 N.Y.S.2d 701, 73 A.D.3d 1023 (N.Y. App. Div., 2010).

27. Based on the above, the "Total Balance" or "Current Balance Due" of $80.00 set forth in Exhibit A was not static. Instead, interest was in fact accruing on the "Total Balance" or "Current Balance Due" of $80.00 set forth in Exhibit A from the date of Exhibit A or earlier than the date of Exhibit A.

28. Based on the above, Transworld or the creditor could seek the aforementioned interest that was accumulating after Exhibit A was sent but before the "Total Balance" or "Current Balance Due" of $80.00 set forth in Exhibit A balance was paid.

29. In the alternative, based on the above, the creditor could have sold Grempel's debt to a third party and such third party could seek the interest that accumulated after Exhibit A was sent but before the "Total Balance" or "Current Balance Due" of $80.00 set forth in Exhibit A balance was paid.

30. Based on the above, since Exhibit A does not set forth that the "Total Balance" or "Current Balance Due" of $80.00 may increase due to interest, Transworld violated 15 USC § 1692e by sending Exhibit A to Grempel.

**THIRD CAUSE OF ACTION-CLASS CLAIM**

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

32. On Exhibit A, the statement "Contact Jamie Allen at TRANSWORLD SYSTEMS INC." appears immediately following the 15 USC § 1692g notice; and therefore overshadows the 15 USC § 1692g notice.

33. For the reason set forth above and other reasons, as a result of sending Exhibit A to Grempel, Transworld violated 15 USC 1692g.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

36. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-13 of this Complaint.

37. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

39. The classes consist of:
    I.  (a) all natural persons (b) who received a letter from Transworld dated between September 20, 2015 and the present to collect an alleged past due debt, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

II. (a) all natural persons (b) who received a letter from Transworld dated between September 20, 2015 and the present to collect an alleged past due debt, (c) in a form materially identical or substantially similar to Exhibit A;

III. (a) all natural persons (b) who received a letter from Transworld dated between September 20, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) where, as regards the amount of the debt set forth in the letter, the letter set forth nothing beyond the current amount or balance of the alleged past due debt or nothing beyond the amount or balance the individual currently had to pay the settle the debt;

IV. (a) all natural persons (b) who received a letter from Transworld dated between September 20, 2015 and the present to collect an alleged past due debt allegedly due to the creditor to whom the debt is owed, (c) in a form materially identical or substantially similar to Exhibit A; and/or

40. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

41. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

42. The predominant common question is whether Defendant's letters violate the FDCPA.

43. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

44. A class action is the superior means of adjudicating this dispute.

45. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Transworld in favor of Plaintiff and the class members for statutory damages and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:      March 28, 2017

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107